MORGAN, LEWIS & BOCKIUS LLP
Barbara J. Miller, Bar No. 167223
John D. Hayashi, Bar No. 211077
barbara.miller@morganlewis.com
john.hayashi@morganlewis.com
600 Anton Boulevard, Suite 1800
Costa Mesa, CA  92626-7653
Tel:     +1.714.830.0600
Fax:     +1.714.830.0700

MORGAN, LEWIS & BOCKIUS LLP
Amelia L. Sanchez-Moran, Bar No. 281219
amelia.sanchez-moran@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA  94105-1596
Tel:     +1.415.442.1000
Fax:     +1.415.442.1001

Attorneys for BRISTOL-MYERS SQUIBB COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIE JEAN WEI,<br><br>           Plaintiff,<br><br>    vs.<br><br>BRISTOL-MYERS SQUIBB COMPANY;<br>ZEMIN WANG; VANGIPURAM RANGAN;<br>DOES 1 through 50, inclusive,<br><br>           Defendant. | Case No. 3:16-cv-03225-JD<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANT BRISTOL-MYERS SQUIBB COMPANY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>[Fed.R.Civ.Pro. 12(b)(6)]<br><br>Date:       August 31, 2016<br>Time:      10:00 a.m.<br>Courtroom:  11, 19th Floor<br>Judge:  Hon. James Donato |

# TABLE OF CONTENTS

**PAGE**

I. INTRODUCTION……………………………………………………………………....1

II. PROCEDURAL AND FACTUAL SUMMARY………………………………………1

III. PLAINTIFF'S CLAIMS FAIL TO MEET FEDERAL PLEADING STANDARDS……2

    A. Plaintiff's First Cause of Action for Violation of Title VII Fails to Plead Exhaustion of Administrative Prerequisites ............................................................. 3

    B. Plaintiff's Second Cause of Action for "Violation of 42 U.S.C." Fails to State a Claim Upon Which Relief Can Be Granted ................................................. 3

    C. Plaintiff's Third Cause of Action for "Violation of the California Constitution" Fails Because There Is No Private Right of Action......................... 4

    D. Plaintiff's Fourth Cause of Action Fails Because the Unruh Civil Rights Act Is Not Applicable to Employment Discrimination.................................. 5

    E. Plaintiff's Eighth Cause of Action For "Civil Harassment" in Violation of "Civil Code 527.6" Fails Because Civil Code 527.6 Does Not Exist ..................... 6

    F. Plaintiff's Tort Claims (Ninth, Fourteenth and Fifteenth Causes of Action) Are Barred by Workers' Compensation Exclusive Remedy .................................. 7

    G. Plaintiff's Tenth and Eleventh Causes of Action for Fraud and Negligent Misrepresentation Fail To Plead Fraud With Sufficient Particularity as Required by Rule 9(b) ................................................................................................ 8

    H. Plaintiff's Eleventh Cause of Action For Negligent Misrepresentation Fails Because It Is Based on Predictions as to Future Events ....................................... 10

    I. Plaintiff's Twelfth Cause of Action for Breach of Contract Fails to Allege Facts that Give Rise to an Implied Employment Contract................................... 10

    J. Plaintiff's Thirteenth Cause of Action for Breach of Implied Covenant of Good Faith and Fair Dealing Fails as a Matter of Law......................................... 11

    K. Plaintiff's Fourteenth Cause of Action for Negligence Fails Because Plaintiff May Not Recover in Tort for Contractual Obligations ........................... 13

    L. Plaintiff's Fifteenth Cause of Action for Negligent Hiring and Retention Fails Because Plaintiff May Not Recover in Tort for Contractual Obligations .................................................................................................................. 13

    M. Plaintiff's Sixteenth Cause of Action for False Imprisonment Fails Because Plaintiff Fails to Plead Sufficient Facts................................................ 14

IV. CONCLUSION………………………………………………………………………15

i      MEMORANDUM IN SUPPORT
Case No. 3:16-cv-03225-JD

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# TABLE OF AUTHORITIES

Page

**FEDERAL CASES**

*Ashcroft v. Iqbal*
  556 U.S. 662 (2009) .............................................................................................................. 1, 2

*B.K.B. v. Maui Police Dep't*
  276 F.3d 1091 (9th Cir. 2002) ................................................................................................... 3

*Backhaut v. Apple, Inc.*
  74 F. Supp. 3d 1033, 1040 (N.D. Cal. 2014) ............................................................................ 9

*Bass v. Cty. of Butte*
  458 F.3d 978 (9th Cir. 2006) ................................................................................................ 5, 6

*Bell Atlantic Corp. v. Twombly*
  550 U.S. 544 (2007) ........................................................................................................ 1, 2, 3

*In re Stac Elecs. Sec. Litig.*
  89 F.3d 1399 (9th Cir. 1996) ..................................................................................................... 2

*Kearns v. Ford Motor Co.*
  567 F.3d 1120 (9th Cir. 2009) ............................................................................................. 8, 9

*Landucci v. State Farm Ins. Co.*
  65 F. Supp. 3d 694 (N.D. Cal. 2014) ................................................................................ 11, 12

*Robles v. Agreserves, Inc.*
  No. 1:14-CV-540 AWI JLT, 2016 WL 323775 (E.D. Cal. Jan. 27, 2016) ............................. 15

*Shroyer v. New Cingular Wireless Servs., Inc.*
  622 F.3d 1035 (9th Cir. 2010) ................................................................................................... 3

*Strother v. S. California Permanente Med. Grp.*
  79 F.3d 859 (9th Cir. 1996) .................................................................................................. 5, 6

*Vess v. Ciba-Geigy Corp. USA*
  317 F.3d 1097 (9th Cir. 2003) ........................................................................................ 3, 8, 9

*Walsh v. Nevada Dep't of Human Resources*
  471 F.3d 1033 (9th Cir. 2006) ................................................................................................... 7

*Wargnier v. Nat'l City Mortgage, Inc.*
  No. CIV. 09CV2721-L(JMA), 2010 WL 2594370 (S.D. Cal. June 24, 2010) .................... 4, 5

# TABLE OF AUTHORITIES

**Page**

*Young v. Cty. of Los Angeles*
    655 F.3d 1156 (9th Cir. 2011) ..................................................................................14

**CALIFORNIA CASES**

*Aas v. Superior Court*
    24 Cal. 4th 627 (2000) ............................................................................................13

*Alcorn v. Anbro Eng'g, Inc.*
    2 Cal. 3d 493 (1970) .................................................................................................6

*Cole v. Air Oaks Fire Prot. Dist.*
    43 Cal. 3d 148 (1987) ...............................................................................................8

*Degrassi v. Cook*
    29 Cal. 4th 333 (2002) ..............................................................................................4

*Doe v. Capital Cities*
    50 Cal. App. 4th 1038 (1996) .................................................................................14

*Eisenberg v. Alameda Newspapers, Inc.*
    74 Cal. App. 4th 1359 (1999) ...........................................................................11, 12

*Foley v. Interactive Data Corp.*
    47 Cal. 3d 654 (1988) .............................................................................................12

*Guz v. Bechtel*
    24 Cal. 4th 317 (2000) .......................................................................................11, 12

*Harris v. Stampolis*
    No. H041795, 2016 WL 3475734 (Cal. Ct. App. June 24, 2016) .............................6

*Jones v. Dep't of Corr. and Rehab.*
    152 Cal. App. 4th 1367 (2007) .................................................................................8

*Katzberg v. University of California*
    29 Cal. 4th 326 (2002) ..........................................................................................4, 5

*Mitchell v. Scott Wetzel Services, Inc.*
    227 Cal. App. 3d 1474 (1991) ..................................................................................7

*Richard P. v. Vista Del Mar Child Care Serv.*
    106 Cal. App. 3d 860 (1980) ..................................................................................10

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# TABLE OF AUTHORITIES

**Page**

*Rojo v. Kliger*
    52 Cal. 3d 65 (1990) .................................................................................................6

*Russell v. Douvan*
    112 Cal. App. 4th 399 (2003) ....................................................................................7

*Scofield v. Critical Air Med., Inc.*
    45 Cal. App. 4th 990 (1996) ....................................................................................14

*Semore v. Pool*
    217 Cal. App. 3d 1087 (1990) ..................................................................................9

*Small v. Fritz Companies, Inc.*
    30 Cal. 4th 167 (2003) .........................................................................................9, 10

*State Ready Mix, Inc. v. Moffatt & Nichol*
    232 Cal. App. 4th 1227 (2015) ................................................................................13

*Tarmann v. State Farm Mut. Auto. Ins. Co.*
    2 Cal. App. 4th 153 (1991) ......................................................................................10

**FEDERAL STATUTES**

42 U.S.C. § 1983 ................................................................................................................3

42 U.S.C. § 2000e *et seq.* .................................................................................................3

Fed. R. Civ. P. 9(b) ...................................................................................................3, 8, 9

Fed. R. Civ. P. 12(b)(6) .....................................................................................................2

**CALIFORNIA STATUTES**

Cal. Civ. Code § 527.6 ..................................................................................................6, 7

Cal Civ. Proc. Code § 1085 ..............................................................................................4

Cal. Lab. Code § 2922 .....................................................................................................11

Cal. Lab. Code § 3200 .......................................................................................................7

Cal. Lab. Code § 3600 .......................................................................................................8

Cal. Lab. Code § 3602 ...................................................................................................7, 8

I. **INTRODUCTION**

Plaintiff Jie Jean Wei's ("Plaintiff") Complaint against Defendant Bristol-Myers Squibb Company ("BMS") and two individual Defendants (together "Defendants") alleges a host of largely repetitive, conclusory claims, including: 1) violation of Title VII; 2) violation of an unidentified section of "42 U.S.C."; 3) violation of the California Constitution; 4) violation of the Unruh Civil Rights Act; 5) Violation of FEHA – Discrimination; 6) Violation of FEHA – Harassment; 7) Wrongful Termination in Violation of Public Policy; 8) "Civil Harassment" under a non-existent Civil Code section; 9) Intentional Infliction of Emotional Distress; 10) Fraud; 11) Negligent Misrepresentation; 12) Breach of Contract; 13) Breach of the Implied Covenant of Good Faith and Fair Dealing; 14) Negligence; 15) Negligent Hiring; and 16) False Imprisonment.

Plaintiff's allegations, however, fail to meet federal pleading standards under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), as they consist of conclusory and repetitive allegations that fail to plead "plausible grounds" for each claim for which she seeks relief, including claims under non-existent statutes, contract claims plead as tort claims (and vice-versa), or where no private right of action exits. As explained in detail below, Plaintiff's First, Second, Third, Fourth, Eighth, Ninth, Tenth, Eleventh, Twelfth, Thirteenth, Fourteenth, Fifteenth and Sixteenth causes of action fail to meet federal pleading standards, and should be dismissed.

II. **PROCEDURAL AND FACTUAL SUMMARY**

Plaintiff filed her Complaint in San Mateo County Superior Court on March 21, 2016. Dkt. No. 1-1 ("Complaint.") BMS removed Plaintiff's Complaint to the District Court for the Northern District of California on June 10, 2016. Dkt. No. 1.[1]

Plaintiff's 51-page complaint is repetitive, with large swaths of allegations repeated over and over again for different causes of action. The thrust of her allegations, which Defendants do not adopt as true, is as follows:

- Plaintiff was an employee of BMS since approximately 2002 (Complaint ¶ 16);

---

[1] Plaintiff and BMS stipulated that BMS could have an additional fifteen days to respond to Plaintiff's Complaint. Therefore, BMS's Motion to Dismiss is timely.

- Plaintiff is of Chinese descent (Complaint ¶ 15);
- Plaintiff worked with a "group greatly comprised of women of Indian decent" [sic] (Complaint ¶ 20);
- Plaintiff alleges that the women of Indian descent were treated better than she was by her employer (Complaint ¶19);
- Plaintiff was treated unfairly in regards to her pregnancy in relation to other, non-Chinese women in her group (Complaint ¶ 52);
- Plaintiff was passed up for promotions, despite positive performance reviews (Complaint ¶ 53);
- Defendants "set Plaintiff up to fail" by requiring her to always speak at meetings, requiring her to work overtime, and complete an unmanageable workload compared to her colleagues (Complaint ¶ 25);
- Defendants "coerced" Plaintiff into admitting one mistake by "intentionally misleading her and making false representations regarding her job security" (Complaint ¶ 32); and
- Plaintiff was terminated from her employment on May 6, 2015 (Complaint ¶ 34).

Plaintiff also alleged that she was physically restrained in an office, and coerced to admit a mistake in her work performance that eventually was a causal factor in her termination. Complaint ¶¶ 411-416.

### III.     PLAINTIFF'S CLAIMS FAIL TO MEET FEDERAL PLEADING STANDARDS

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 1949 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility [only] when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. The plausibility standard asks for more than a possibility that a defendant has acted unlawfully. *Id*. (*quoting Twombly*, 550 U.S. at 557); *see also In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996). Dismissal under Rule 12(b)(6) is proper "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

MEMORANDUM ISO DEFENDANT'S
MOTION TO DISMISS

legal theory." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).  When alleging fraud, plaintiffs "must state with particularity the circumstances constituting fraud."  Fed. R. Civ. P. 9(b).  Thus, a plaintiff must explicitly allege "the who, what, when, where, and how" of the alleged fraud.  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).  "When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should … be exposed at the point of minimum expenditure of time and money by the parties and the court.'"  *Twombly*, 550 U.S. at 558 (citation omitted).

### A. Plaintiff's First Cause of Action for Violation of Title VII Fails to Plead Exhaustion of Administrative Prerequisites.

Plaintiff's First Cause of Action alleges a violation of Title VII.  Title VII requires that a plaintiff exhaust administrative prerequisites within the statutory time before filing a lawsuit.  *See B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002).  Plaintiff's Title VII cause of action, however, contains no allegations that she exhausted these administrative prerequisites.  *See* Complaint ¶¶ 1-45, 46-83.  Consequently, Plaintiff's First Cause of Action fails to state a claim, and should be dismissed.

### B. Plaintiff's Second Cause of Action for "Violation of 42 U.S.C." Fails to State a Claim Upon Which Relief Can Be Granted.

Plaintiff's Second Cause of Action for "Violation of 42 U.S.C." does not state a cognizable legal theory, because it does not allege the specific statute allegedly violated.  Plaintiff merely refers to "42 U.S.C." both in the title page and in the factual allegations, without identifying which section of the U.S. Code that her claim is based.  Complaint ¶ 11.  To the extent her claim is based on 42 U.S.C. § 2000e *et seq.*, which is Title VII of the Civil Rights Act, then her claim is duplicative of her First Cause of Action and should be dismissed, especially given the fact that Plaintiff repeats each and every single paragraph that was alleged in her Title VII claim.  To the extent Plaintiff intends a different legal theory, her allegations fail to describe the facts and legal standard with required specificity.  For example, to the extent Plaintiff intends to state a claim under 42 U.S.C. § 1983, that claim would fail because Plaintiff has not and cannot plausibly allege any "state action" required for such a claim.  Thus, her Second Cause of Action must fail.

### C. Plaintiff's Third Cause of Action for "Violation of the California Constitution" Fails Because There Is No Private Right of Action.

Plaintiff's Third Cause of Action for violation of the California Constitution fails to state a claim upon which relief can be granted because the California Constitution does not permit a private right of action for violation of this Article.

California courts have consistently held that a constitutional tort action for damages to remedy an alleged constitutional violation is barred as a matter of law where a plaintiff has an adequate remedy under an alternative freestanding private right of action. *See, e.g., Katzberg v. University of California*, 29 Cal. 4th 326 (2002); *Degrassi v. Cook*, 29 Cal. 4th 333 (2002); *Wargnier v. Nat'l City Mortgage, Inc.*, No. CIV. 09CV2721-L(JMA), 2010 WL 2594370 at *2 (S.D. Cal. June 24, 2010).

In *Katzberg*, the California Supreme Court considered the issue of "whether an individual may bring an action for money damages on the basis of an alleged violation of a provision of the California Constitution, in the absence of a statutory provision or an established common law tort authorizing such a damage remedy for the constitutional violation." 29 Cal. 4th at 303. After completing its analysis, the California Supreme Court declined to recognize a constitutional tort to remedy the asserted violation of the California Constitution because of the "availability of meaningful alternative remedies"— namely the ability to seek a writ of mandate under Section 1085 of the California Code of Civil Procedure, to obtain declaratory or injunctive relief, or to maintain a defamation action. *Katzberg*, 29 Cal. 4th at 326-27. The California Supreme Court concluded: "The availability of these adequate alternative remedies militates against judicial creation of a tort cause of action for damages in the circumstances presented." *Id*.

Similarly, in *Wargnier*, the District Court for the Southern District of California followed and applied the analysis set forth by the California Supreme Court in *Katzberg* in granting defendants' motion to dismiss plaintiff's complaint for damages under Article 1, Section 8 of the California Constitution for alleged pregnancy discrimination. *Wargnier,* 2010 WL 2594370 at *2. In *Wargnier*, the plaintiff alleged that defendants wrongfully terminated her solely because she took maternity leave, which amounted to pregnancy discrimination. *Id*. at * 1. Although Plaintiff brought a cause of action for damages under the FEHA for discrimination, she also

argued that she was entitled to damages for defendant's alleged violation of Article 1, Section 8, of the California Constitution.

In dismissing the cause of action under Article 1, Section 8, the court recognized that "[a]lthough Article I, Section 8 provides a public policy basis for the tort of discharge in violation of public policy...this alone is not a reason to find that a private right of action for damages exists directly under the constitution and independently of the tort claim, as asserted in Plaintiffs complaint." *Id*. at * 2 (citing *Katzberg*). The court concluded: "under *Katzberg* the existence of an adequate alternative remedy-the common law tort for termination in violation of public policy-counsels against the finding of a free-standing private right of action." *Id*. at *2.

As set forth in *Katzberg*, there is no constitutional tort action for damages to remedy the asserted constitutional violation because Plaintiff has meaningful alternative remedies for wrongful termination under California law, including the FEHA. Here, Plaintiff alleges causes of action for discrimination in violation of the FEHA in her complaint, using the *exact same factual allegations* that she does for her other causes of action. (*See*, e.g., Complaint, ¶¶ 85-120; 121-159.) Since Plaintiff has adequate remedies under FEHA, she cannot pursue a private right of action for Violation of Article 1, Section 8 of the California Constitution. This claim should be dismissed with prejudice.

### D. Plaintiff's Fourth Cause of Action Fails Because the Unruh Civil Rights Act Is Not Applicable to Employment Discrimination.

Plaintiff's Fourth Cause of Action for Violation of the Unruh Civil Rights Act ("Unruh Act") fails as a matter of law because the Unruh Act is not intended for claims by employees against employers, but is intended to address discrimination in business establishments.

California courts have roundly rejected attempts to expand the scope of the Unruh Act from the public accommodations context to the employment context. *See Bass v. Cty. of Butte*, 458 F.3d 978, 982-83 (9th Cir. 2006) (holding that employment claims are excluded from the reach of the Unruh Act). Courts have recognized that the Unruh Act and its predecessors have generally been designed to prevent proprietors of **business establishments** from excluding anyone from frequenting their business because of, *inter alia*, race, national origin, and sex. *Strother v. S. California Permanente Med. Grp.*, 79 F.3d 859, 873 (9th Cir. 1996). Courts have repeatedly held

1   that the Unruh Act does not apply in the employment context. *See Bass,* 458 F.3d at 982-83;
2   *Strother*, 79 F.3d at 873; *Rojo v. Kliger*, 52 Cal. 3d 65, 77 (1990) (stating broadly that "the Unruh
3   Civil Rights Act has no application to employment discrimination"); *Alcorn v. Anbro Eng'g, Inc.*,
4   2 Cal. 3d 493, 500 (1970) (employee could not recover under the Unruh Act because his
5   employer's discrimination did not constitute discrimination "made by a 'business establishment'
6   in the course of furnishing goods, services or facilities to its clients, patrons or customers.").

Plaintiff's Fourth Cause of Action plainly arises out of her employment with BMS, as alleged numerous times. *See, e.g.,* Complaint ¶¶ 163 and 164. The alleged discrimination does not constitute actions by a "business establishment in the courts of furnishing goods, services or facilities to its clients, patrons or customers." *Alcorn*, 2 Cal. 3d at 500. Accordingly, Plaintiff's Unruh Act claim fails and should be dismissed with prejudice.

### E. **Plaintiff's Eighth Cause of Action For "Civil Harassment" in Violation of "Civil Code 527.6" Fails Because Civil Code 527.6 Does Not Exist**

Plaintiff's Eight Cause of Action alleges a claim for "Civil Harassment in Violation of California Civil Code section 527.6" (Complaint, ¶ 295 *et seq.*), but this claim must fail as a matter of law because "Civil Code section 527.6" ***does not exist***.

To the extent Plaintiff intends to bring a claim under section 527.6 of the California *Code of Civil Procedure* ("Section 527.6"), that claim too must fail. Section 527.6 is a procedural mechanism through which a person may obtain a restraining order against another person for "civil harassment." *Harris v. Stampolis*, No. H041795, 2016 WL 3475734 at * 7 (Cal. Ct. App. June 24, 2016). Section 527.6, subdivision (a)(1) provides that "[a] person who has suffered harassment as defined in subdivision (b) may seek a temporary restraining order and an order after hearing prohibiting harassment as provided in this section." Section 527.6, subdivision (d) provides that a temporary restraining order may issue, with or without notice, based on the petitioner's declaration if the court finds it is reasonable proof of harassment of the petitioner by the respondent, and that great or irreparable harm may result to the petitioner if the restraining order is not issued. Within 21 days, or if good cause appears, within 25 days, from the date of the petition for a temporary restraining order is granted or denied, the court shall hold a hearing on the petition. (§ 527.6, subd. (g).)

Plaintiff's civil complaint seeking damages does not properly allege the facts or legal theory necessary for an injunction or temporary restraining order, as contemplated by Section 527.6. Indeed, Plaintiff has not completed any of the procedural steps required by Section 527.6. In addition, Plaintiff does not even mention injunctive relief in her pleadings.

Moreover, the remedy under Section 527.6 is injunctive relief (or a restraining order), but it is well settled that *former employees*—like Plaintiff—may not obtain injunctive relief against their <u>former</u> employers. *Walsh v. Nevada Dep't of Human Resources*, 471 F.3d 1033, 1037 (9th Cir. 2006) (former employee "would not stand to benefit from an injunction" and "lacked standing to sue for injunctive relief from which she would likely benefit"). This is because a former employee faces no risk of future workplace misconduct. *See Russell v. Douvan*, 112 Cal. App. 4th 399, 402-403 (2003) ("An injunction restraining future conduct is only authorized when it appears that harassment is likely to recur in the future."). Because Plaintiff no longer works for BMS, and all of the alleged conduct arose out of her employment with BMS prior to her termination on May 6, 2015, it is simply not plausible that she will be subject to any purported workplace misconduct at BMS in the future. *See* Complaint, ¶¶ 294-328. As such, Plaintiff's claim for "Civil Harassment" should be dismissed with prejudice.

### F. Plaintiff's Tort Claims (Ninth, Fourteenth and Fifteenth Causes of Action) Are Barred by Workers' Compensation Exclusive Remedy.

Plaintiff's Ninth, Fourteenth, and Fifteenth causes of action, for intentional infliction of emotional distress, negligence, and negligent hiring, respectively, are all tort claims seeking injuries ostensibly arising from Plaintiff's employment with BMS. As employment-related injuries, however, each claim is barred by the exclusive remedy of workers compensation.

In California, the sole and exclusive remedy to compensate an employee for an injury sustained incidentally to employment is provided by the Workers' Compensation Act, Labor Code sections 3200, *et seq.* (the "WCA"). Courts resolve all doubt in favor of upholding the exclusive jurisdiction of the workers' compensation system. *Mitchell v. Scott Wetzel Services, Inc.*, 227 Cal. App. 3d 1474, 1480 (1991).

California Labor Code Section 3602 provides in relevant part:

> (a) Where the conditions of compensation set forth in Section 3600 concur, the right to recover compensation is, except as specifically provided in this section and Sections 3706 and 4558, **the sole and exclusive remedy of the employee or his or her dependents against the employer**.

Lab. Code § 3602(a) (emphasis added); *see also id*. § 5300 (establishing WCAB's jurisdiction over proceedings under the Act). Labor Code Section 3600 establishes the conditions of employment that govern the Act's application. In relevant part, Section 3600 states that workers' compensation will cover liability under the following situations:

> (1) Where, at the time of the injury, both the employer and the employee are subject to the compensation provisions of this division.
> (2) Where, at the time of the injury, the employee is performing service **growing out of and incidental to his or her employment** and is acting within the course of his or her employment.
> (3) Where the injury is proximately caused by the employment, either with or without negligence.

Lab. Code § 3600 (emphasis added).

Accordingly, WCA bars Plaintiff's tort claims. Plaintiff asserts a claim against BMS for Intentional Infliction of Emotional Distress, which is preempted by the WCA. *See Cole v. Air Oaks Fire Prot. Dist.*, 43 Cal. 3d 148, 160 (1987). Plaintiff also asserts negligence claims against BMS – Negligence and Negligent Hiring, Retention, and Supervision – but these claims are also exclusive to the WCA. *See* Lab. Code §§ 3600, 3602; *Jones v. Dep't of Corr. and Rehab.*, 152 Cal. App. 4th 1367, 1384 (2007).

Because Plaintiff's tort claims are based on work-related injuries, her claims are barred by WCA preemption. Accordingly, the Court should dismiss Plaintiff's Ninth, Fourteenth and Fifteenth causes of action with prejudice, as preempted under the WCA.

### G. Plaintiff's Tenth and Eleventh Causes of Action for Fraud and Negligent Misrepresentation Fail To Plead Fraud With Sufficient Particularity as Required by Rule 9(b).

Plaintiff's Tenth and Eleventh Causes of Action allege fraud and negligent misrepresentation, respectively, but fail to allege these claims with sufficient particularity as required by Rule 9(b), and should be dismissed.

A plaintiff alleging fraud or claims sounding in fraud must satisfy the heightened pleading requirements of Rule 9(b). *See* Fed. R. Civ. P. 9(b); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). To

1  sufficiently state a fraud claim, plaintiffs "must state with particularity the circumstances
2  constituting fraud."  Fed. R. Civ. P. 9(b).  To survive a motion to dismiss, a plaintiff must
3  explicitly allege "the who, what, when, where, and how" of the alleged fraud.  *Kearns*, 567 F.3d
4  at 1124; *Vess* 317 F.3d at 1106; *see also Backhaut v. Apple, Inc.*, 74 F. Supp. 3d 1033, 1040
5  (N.D. Cal. 2014) (claims sounding in fraud must allege "an account of the 'time, place, and
6  specific content of the false representations as well as the identities of the parties to the
7  misrepresentations.'").

8        The elements of fraud are: (a) "misrepresentation (false representation, concealment or
9  nondisclosure)"; (b) "knowledge of falsity"; (c) "intent to defraud, i.e., to induce reliance";
10 (d) "justifiable reliance"; and (e) "resulting damage."  *Semore v. Pool*, 217 Cal. App. 3d 1087,
11 1102 (1990) (affirming demurrer without leave to amend because statements in employee
12 handbooks could not support a fraud claim).  Similarly, "negligent misrepresentation" requires:
13 (1) "a misrepresentation of a past or existing material fact"; (2) "without reasonable grounds for
14 believing it to be true"; (3) "with intent to induce another's reliance on the fact misrepresented";
15 (4) "justifiable reliance thereon by the party to whom the misrepresentation was directed"; and (5)
16 "damages."  *Small v. Fritz Companies, Inc.*, 30 Cal. 4th 167, 174 (2003).

17       Plaintiff fails to allege these elements with required particularity, by pleading the who,
18 what, when, where, and how Defendants allegedly committed fraud.  Her Complaint only makes
19 conclusory allegations that BMS made representations that she would be free from discrimination
20 and harassment through their employee handbook.  Complaint at ¶ 362.  She alleges that
21 unidentified persons from BMS represented that her job was secure and that she would not be
22 terminated through oral and written correspondence, and conduct.  *Id.*  Finally, Plaintiff alleges
23 that Defendant Rangan "made representations to Plaintiff coercing her to admit a mistake."  *Id.*

24       These conclusory allegations are not grounded in fact and are not stated with sufficient
25 particularity.  General statements in employee handbooks, for example, "do not support a cause of
26 action for fraud or misrepresentation."  *Semore*, 217 Cal. App. 3d at 1102.  Furthermore,
27 Plaintiff's pleadings are contradictory, as she attempts to plead justifiable reliance by averring
28 that she "would not have agreed to be employed by [BMS]" (Complaint ¶ 365), yet pleads

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9   MEMORANDUM ISO DEFENDANT'S
    MOTION TO DISMISS

resulting damage as the "termination from employment" (Complaint ¶ 364). In addition, Plaintiff's negligent misrepresentation claim sounds in fraud because it alleges the exact same factual allegations as Plaintiff's fraud claim. *See* Complaint ¶¶ 361-367, 368-371. Plaintiff's contradictory, conclusory, and unparticular allegations are insufficient to meet the heightened pleading requirements for fraud. Thus, Plaintiff's claims for fraud and negligent representation both fail and should be dismissed.

H. **Plaintiff's Eleventh Cause of Action For Negligent Misrepresentation Fails Because It Is Based on Predictions as to Future Events**

Plaintiff's Eleventh Cause of Action for negligent representation should also be dismissed on the separate and independent ground that Plaintiff does not allege the misrepresentation of a past or existing material fact. Accordingly, this claim should be dismissed.

As discussed above, negligent misrepresentation requires "a misrepresentation of a past or existing material fact." *Small v. Fritz Companies, Inc.*, 30 Cal. 4th at 174. Thus, "predictions as to future events, or statements as to future action by some third party, are deemed opinions, and not actionable." *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal. App. 4th 153, 158-59 (1991) (quoting 5 Witkin, Summary of Cal. Law (9th ed. 1988) Torts, § 678, pp. 779-780; *Richard P. v. Vista Del Mar Child Care Serv.,* 106 Cal. App. 3d 860, 865 (1980)).

Here, Plaintiff alleges that Defendant stated it would continue to employ Plaintiff *in the future*, that Defendant stated Plaintiff would be free from harassment in the workplace *in the future*, and that Defendant represented that she would not be terminated *in the future* if she admitted a mistake. Complaint, ¶ 369. None of these allegations involve a past or existing material fact. Rather, each involves a promise to perform at some future time. Because these statements as to future events are not actionable negligent misrepresentations, Plaintiff has failed to allege a claim for negligent misrepresentation, and this claim should be dismissed.

I. **Plaintiff's Twelfth Cause of Action for Breach of Contract Fails to Allege Facts that Give Rise to an Implied Employment Contract**

Plaintiff's Twelfth Cause of Action for breach of an "implied" employment contract fails because the facts alleged do not give rise to an implied contract for permanent employment that "could not be terminated without good cause." Complaint ¶ 373. According to Plaintiff, her

employment agreement with BMS "was silent as to at-will employment." *Id.* When an employment agreement is silent as to at-will employment, California Labor Code § 2922 presumes that the employment relationship is at-will and terminable by either side at any time. *See* Lab. Code § 2922 ("[a]n employment, having no specified term, may be terminated at the will of either party on notice to the other"); *see also Eisenberg v. Alameda Newspapers, Inc.*, 74 Cal. App. 4th 1359, 1386 (1999) ("[Without] any evidence of the duration or term of employment under a written or oral agreement, there is a statutory presumption that employment is terminable at will, and a contract of employment may be ended at any time at the option of either party.").

Faced with her allegation that her purported employment agreement "was silent as to at-will employment," Plaintiff faces the burden of pleading facts sufficient to rebut the presumption of at-will employment. Plaintiff's factual allegations, however, miss the mark, as they consist of only conclusory allegations based on Plaintiff's alleged 13 years of employment, vague references to "policies" and "custom," "oral statements" by unnamed speakers, and the undescribed "conduct of the parties." *See, e.g.,* Complaint ¶¶ 373, 375. Plaintiff's allegations are mere conclusions and do not include the substantive terms of any contract. Plaintiff fails to plead any specific language from these policies, customs, oral statements, or other "conduct" that would remotely suggest that the parties' employment relationship was anything other than at-will. In absence of clear evidence of an employer's intent to change the at-will nature of employment, evidence of "longevity, raises and promotions . . . do not, *in and of themselves*, additionally constitute a contractual guarantee of future employment security." *Guz v. Bechtel*, 24 Cal. 4th 317, 342 (2000) (emphasis in original).) Where a complaint fails to allege specific facts showing communications or actions by the employer reflecting assurances of continued employment, an implied contract claim must be dismissed. *See Landucci v. State Farm Ins. Co.*, 65 F. Supp. 3d 694, 714 (N.D. Cal. 2014). Plaintiff's breach of contract claim should be dismissed as well.

### J. Plaintiff's Thirteenth Cause of Action for Breach of Implied Covenant of Good Faith and Fair Dealing Fails as a Matter of Law.

Plaintiff's Thirteenth Cause of Action alleges that BMS breached the implied covenant of good faith and fair dealing when it terminated her employment. Complaint ¶¶ 385-87. However, it is well-settled that "there can be no duty of good faith arising from the implied covenant where

1  there is no underlying contract." *Landucci,* 65 F. Supp. 3d at 715 (dismissing claim for breach of
2  the covenant where court also dismissed implied contract claim); *Guz*, 24 Cal. 4th at 349-50
3  (covenant cannot "impose substantive duties or limits on the contracting parties beyond those
4  incorporated in the specific terms of their agreement."); *Eisenberg* , 74 Cal. App. 4th at 1390-91
5  ("An at-will employee cannot use the implied covenant to create a for cause employment contract
6  where none exists."). As discussed above, Plaintiff fails to plead a viable contract claim. Since
7  there is no contract into which the implied covenant of good faith and fair dealing can be read,
8  Plaintiff's derivative claim for breach of the implied covenant must fail as well. *See id.*

9  Even if Plaintiff could plead some form of contract, which she cannot, the California
10 Supreme Court has declared that "there is no tort of 'bad faith breach' of an employment
11 contract." *Guz*, 24 Cal. 4th at 352. Rather, "the remedy for the breach of an employment
12 agreement, including the covenant of good faith and fair dealing implied by law therein, is *solely*
13 *contractual*." *Id.* (italics in original); *Foley v. Interactive Data Corp.*, 47 Cal. 3d 654, 700 (1988)
14 (demurrer without leave to amend affirmed because "tort remedies are not available for breach of
15 the implied covenant in an employment contract"). "In the employment context, an implied
16 covenant theory affords no separate *measure of recovery*, such as tort damages." *Guz*, 24 Cal. 4th
17 at 352 (italics in original). Because only contract remedies are available, a claim that merely re-
18 alleges that the breach of contract as a breach of the implied covenant is "superfluous" and
19 subject to dismissal. *Id.*; *Landucci*, 65 F. Supp. 3d at 716 (dismissing implied covenant claim
20 because "the [California] Supreme Court has made clear that when both causes of action cite the
21 same underlying breach, the implied covenant cause of action will be superfluous with the
22 contract cause of action.").

23 Here, Plaintiff's implied covenant tort claim does not allege any independent conduct
24 other than the conduct "described above" in Plaintiff's breach of contract cause of action.
25 Complaint ¶ 387. The conduct "described above" alleges that BMS breached Plaintiff's
26 purported employment contract when it terminated Plaintiff's employment. *See* Complaint ¶ 374
27 ("Om [sic] May 6, 2015, Defendant breached this agreement by terminating Plaintiff without
28 good cause."). Because the conduct underlying the alleged breach of the implied covenant is

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

MEMORANDUM ISO DEFENDANT'S
MOTION TO DISMISS

precisely the same conduct underlying the alleged breach of the purported employment contract, Plaintiff's implied covenant claim is superfluous to her contract claim and should be dismissed.

### K. Plaintiff's Fourteenth Cause of Action for Negligence Fails Because Plaintiff May Not Recover in Tort for Contractual Obligations

Plaintiff's Fourteenth Cause of Action alleges that Defendant breached its duty to abide by the "policies, codes and procedures" it presented as terms of the employment relationship. Complaint, ¶¶ 390-393. This cause of action fails to state a claim, because it fails to allege an actionable duty of care.

A plaintiff cannot recast a complaint for breach of contract as a tort action. *State Ready Mix, Inc. v. Moffatt & Nichol,* 232 Cal. App. 4th 1227, 1232 (2015). "A person may not ordinarily recover in tort for the breach of duties that merely restate contractual obligations." *Id.* (quoting *Aas v. Superior Court*, 24 Cal. 4th 627, 643 (2000)).

Plaintiff fails to allege an actionable tort duty of care, because her negligence claim only restates facts from her breach of contract claim. In her breach of contract claim, Plaintiff alleges that she and Defendant entered into an employment relationship, and implied in the employment relationship, "Plaintiff was subject to and protected by the rules and code of conduct that governs Bristol-Myers." Complaint, ¶ 375. Plaintiff then alleges that BMS breached these "policies, codes and/or procedures." Complaint, ¶ 378. Yet, her negligence claim alleges a duty of care arising from the very *same* "policies, codes and/or procedures." Complaint, ¶ 393.

As discussed above, Plaintiff's breach of contract claims fail as a matter of law. In addition, Plaintiff cannot claim that the same alleged conduct is both a breach of contract and breach of duty for tort purposes. Since the conduct Plaintiff alleges is based on the same purported contractual relationship as the breach of contract action, it fails as a matter of law.

### L. Plaintiff's Fifteenth Cause of Action for Negligent Hiring and Retention Fails Because Plaintiff May Not Recover in Tort for Contractual Obligations.

Plaintiff's Fifteenth Cause of Action alleges that BMS negligently hired and retained individual Defendants Rangan and Wang (Complaint ¶¶ 403-409), but fails to allege sufficient facts to state a claim.

While California recognizes the theory that an employer can be liable to a third person for

negligently hiring, supervising, or retaining an unfit employee, liability only exists if the employer knew or should have known that hiring the employee created a *particular* risk or hazard and that particular harm materializes. *Doe v. Capital Cities*, 50 Cal. App. 4th 1038, 1054 (1996). In *Doe*, the plaintiff alleged that the hiring party should have known that the employee in question would sexually assault a co-worker because he "engaged in the purchase and use of serious, mind-altering illegal drugs." The court held that this was insufficient to plead a cause of action for negligent hiring, stating that, "the cornerstone of a negligent hiring theory is the risk that the employee will act in a certain way and the employee does act in that way." *Id.*

Here, Plaintiff merely pleads conclusory allegations that BMS should have known that "Defendant Wang and Rangan…were unfit for their positions." Complaint, ¶ 408. Plaintiff states that because these individuals were "unfit," BMS should have known that they would engage in discriminatory or harassing behavior. Plaintiff fails to plead anything about what particular risk or hazard BMS purportedly knew or should have known, or how it could have known, such that BMS would be on notice of potential discriminatory or harassing conduct. Plaintiff makes no allegations that remotely suggest that Rangan or Wang exhibited objectionable behavior to anyone other than Plaintiff (if it happened at all) or that BMS knew of such behavior <u>before</u> it hired Rangan or Wang. As such, Plaintiff's claim for negligent hiring fails.

### M. <u>Plaintiff's Sixteenth Cause of Action for False Imprisonment Fails Because Plaintiff Fails to Plead Sufficient Facts.</u>

Plaintiff's Sixteenth Cause of Action alleges that she was falsely imprisoned when Defendant Rangan refused to allow Plaintiff to leave a room during a work meeting. Complaint ¶ 410 *et seq.* This claim fails to allege sufficient facts and should be dismissed

The elements of a claim for false imprisonment are: "(1) the nonconsensual, intentional confinement of a person, (2) without lawful privilege, and (3) for an appreciable period of time, however brief." *Young v. Cty. of Los Angeles*, 655 F.3d 1156, 1169 (9th Cir. 2011). Restraint or confinement "may be effectuated by means of physical force, threat of force or of arrest, confinement by physical barriers, or by means of any other form of unreasonable duress." *Scofield v. Critical Air Med., Inc.*, 45 Cal. App. 4th 990, 1001 (1996). In an employment

relationship, "there is nothing unlawful about requiring an employee to attend a closed door meeting, especially if there is something sensitive occurring like a termination." *Robles v. Agreserves, Inc.,* No. 1:14-CV-540 AWI JLT, 2016 WL 323775 at *10 (E.D. Cal. Jan. 27, 2016).

Plaintiff fails to allege sufficient facts for this claim.  Plaintiff does not allege that she was confined by physical force, threat of force or of arrest, or physical barriers.  Nor does Plaintiff allege facts showing that Defendants lacks lawful privilege.  Plaintiff merely alleges facts regarding a work-related meeting concerning a "work related mistake."  Complaint ¶ 412-13.  Yet Plaintiff does not deny that she made the work error which was allegedly coerced from her.  Because Plaintiff does not allege anything more than a closed-door meeting with her supervisor, she has not, as a matter of law, satisfied the pleading requirements for the tort of false imprisonment, and therefore this claim should be dismissed.

## IV.   CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint as to the Second, Third, Fourth, Eighth, Ninth, Tenth, Eleventh, Twelfth, Thirteenth, Fourteenth, Fifteenth and Sixteenth causes of action, with prejudice.

Dated:   July 5, 2016                          MORGAN, LEWIS & BOCKIUS LLP


By */s/ Barbara J. Miller*
Barbara J. Miller
Amelia Sanchez-Moran

Attorneys for BRISTOL-MYERS SQUIBB COMPANY

DB2/ 30337675.8